PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**March 31, 2006**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| In re: | Case No. 04-43100 |
|---|---|
| TALATALAGA MIKAELE-MALO, | **MEMORANDUM DECISION** |
|  | **NOT FOR PUBLICATION** |
| Debtor. |  |

This matter came before the Court on a Motion for Relief from Automatic Stay filed by National Merit Insurance Company (National). National seeks relief from stay for the limited purpose of renewing a judgment lien. Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

National holds a judgment against Talatalaga Mikaele-Malo (Debtor), entered under Pierce County Cause Number 96-2-07855-2 on April 26, 1996 (Judgment). National's Judgment was recorded and creates a lien against the Debtor's real property.

The Debtor filed a Chapter 13 bankruptcy petition on March 29, 2004. An order confirming the Debtor's Fourth Amended Plan (Plan) was entered on January 18, 2005. The Plan provides for a monthly payment to National of $400, with interest of 12%. National's claim is listed in the Plan at $28,882. The Plan further provides in paragraph 10 that National

MEMORANDUM DECISION - 1

Case 04-43100-PBS    Doc 53    Filed 03/31/06    Ent. 03/31/06 10:11:15    Pg. 1 of 4

is to be paid "$400 PER MONTH AS A CONTINUING CLAIM, WITH ANY BALANCE REMAINING UNPAID ON THE PIERCE COUNTY SUPERIOR COURT JUDGMENT IN CASE #96-2-07855-2, TO SURVIVE THIS PLAN IN REM."

Under Washington State law, the judgment will expire ten years after entry, or on April 26, 2006, unless renewed. National seeks relief from the automatic stay in order to renew its judgment. The Debtor objects.

## CONCLUSIONS OF LAW

National's motion raises the following issues: (1) does the automatic stay apply to acts to renew or extend a judgment lien, and (2) should relief from the automatic stay be granted.

Several circuit courts have ruled that the automatic stay does not apply to acts to merely extend a judgment lien. The case most often cited for this position is In re Morton, 866 F.2d 561 (2nd Cir. 1989). In Morton, the Second Circuit Court of Appeals stated:

> The automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a), operates only as a stay of "any act, to *create, perfect,* or *enforce*" a lien against the property of the estate. 11 U.S.C. § 362(4) (emphasis added). Significantly, the section does not explicitly prohibit acts to *extend, continue* or *renew* otherwise valid statutory liens, nor is there any indication from the legislative history that congress intended such a result.

Morton, 866 F.2d at 564.

Similarly, in In re Larson, 979 F.2d 625 (8th Cir. 1992), the Eighth Circuit Court of Appeals, cited Morton with approval in affirming a lower court ruling holding that the filing of an addendum to extend an existing lien did not violate the automatic stay. Larson, 979 F.2d at 627. These circuits take the position that such action by a lienholder is not a violation of the stay because it does not enlarge the lienholders rights, but "simply allows the holder of a valid

lien to maintain the status quo - a policy not adverse to bankruptcy law, but rather in complete harmony with it." Morton, 866 F.2d at 564; Larson, 979 F.2d at 627 (quoting Morton, 866 F.2d at 564).

The Ninth Circuit Court of Appeals has not specifically ruled as to whether the automatic stay applies to acts to renew or extend a judgment lien. In the case of In re Spirtos, 221 F.3d 1079 (9th Cir. 2000), citing to Morton, the court determined that it did not need to address this issue since 11 U.S.C. § 108(c) extended the time period for renewing a judgment until 30 days after termination of the automatic stay. Spirtos, 221 F.3d at 1081.

In the instant case, the Debtor's Chapter 13 Plan clearly provides that National's lien is to survive the Plan in rem, unless paid in full. In order to have the lien survive beyond the time limitation of 11 U.S.C. § 108(c), it must be renewed under state law. It is not then necessary for this Court to decide whether the automatic stay of 11 U.S.C. § 362 prevents a lien renewal in the State of Washington, as the Debtor in their Chapter 13 Plan impliedly consented to a renewal of the lien by providing that the lien would survive the Plan in rem. Accordingly, relief from stay is granted to National to renew its judgment lien.

Although relief from the automatic stay has been granted in this case, this Court is not holding that the stay necessarily applies to the renewal or extension of judgment liens under state law, so that National was required to move to extend/renew its lien prior to its expiration. As clarified by the Ninth Circuit Court of Appeals in Spirtos, 11 U.S.C. § 108(c) "extends the limitations period so long as the creditor is barred by the automatic stay from enforcing its judgment against the property of the estate." Spirtos, 221 F.3d at 1081. Whether the stay also precludes renewal of the judgment is "beside the point." Spirtos, 221 F.3d at 1081. If

MEMORANDUM DECISION - 3

National chooses not to extend the judgment while the automatic stay is still in effect, it will have 30 days to do so after the stay expires pursuant to 11 U.S.C. § 108(c).

DATED: March 31, 2006

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge